# PAUL GASNER v. R. J. STAPF.[1]

June 11, 1915.

Nos. 19,313—(219).

**Construction of answer.**

Action for work and labor and conversion of garden truck. Defense, breach of written contract. *Held:* The answer may fairly be construed as pleading defendant's damages for the breach as a set-off to the cause of action for conversion, and the court did not err in receiving evidence of such damages. [Reporter.]

Action in the district court for Steele county to recover $78.26. The case was tried before Childress, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*J. A. & A. W. Sawyer,* for appellant.

*Leach & Leach,* for respondent.

PER CURIAM.

Action to recover an alleged unpaid balance claimed due plaintiff from defendant for labor and services as a farm hand between March 1 and July 5, 1913. The complaint also alleged that defendant agreed to allow plaintiff a tract of ground for a garden and to furnish him with 83 pounds of pork, that plaintiff was compelled, by mistreatment of him by defendant, to leave the farm and garden and potatoes plaintiff had planted, thereby losing the same which were of the value of $25. There is an allegation that defendant converted the garden and potatoes to his own use, and another that he failed to furnish the pork, valued at $10. Judgment is asked for $78.26 which is the aggregate of the unpaid balance alleged to be due for services, and the alleged value of the garden truck and the pork. The answer set up that the services of plaintiff were rendered under a written contract, which was attached as an exhibit, and by the terms of which plaintiff was to work for defendant as a farm hand for one

[1] Reported in 152 N. W. 865.

year at an agreed compensation of $400, payable at the end of the term, defendant agreeing, among other things, to allow plaintiff the use of a dwelling house on the premises, one acre of ground for a garden and potatoes, and 250 pounds of pork. The answer alleged that, on July 5, plaintiff, without cause, quit defendant's service, to the latter's damage in the sum of $60; that he had paid plaintiff $118.90, had furnished him with the acre of ground for a garden, and that the stuff raised thereon was there yet, subject to plaintiff's order. As to the pork, the answer admitted that it had not been furnished, but alleged that plaintiff had never demanded it. The reply admitted the written contract, alleged that plaintiff quit because compelled to do so by mistreatment of himself and his wife by defendant, and ended with a general denial.

The issues thus framed were tried before a jury. There was a verdict for defendant, and plaintiff appeals from the order denying a new trial.

The assignments of error only challenge rulings on evidence and the instructions to the jury. The sufficiency of the evidence to sustain the verdict for defendant is not questioned, and could not well be, as the merits of the case are wholly with defendant. No fair excuse is shown for plaintiff's breach of his contract at a time when his services were most needed.

It is urged that the court erred in receiving evidence of defendant's damages from plaintiff's breach of his contract, and in its instructions in regard to this feature, the damages not being pleaded expressly as a counterclaim. This point might have some merit, except for the fact that the complaint stated a cause of action for conversion of the garden truck. Undoubtedly it was proper to plead defendant's damages as a set-off to this cause of action, and the pleading may fairly be so construed. The jury clearly found that plaintiff breached the contract without cause, and if they considered defendant's damages at all, it was as an offset to any small claim plaintiff might have for the alleged conversion. The point deserves no further discussion, and the other points deserve none at all.

Order affirmed.